IN RE IRWIN.

(No. V84-41854 — Decided April 27, 1987.)

Court of Claims of Ohio, Victims of Crime Division.

*Willen A. Fields,* for appellee.
*Anthony J. Celebrezze, Jr.* attorney general, and *John T. Williams,* for appellant.

CLINE, J. This is an appeal from the order issued by the three-commissioner panel which reversed the single commissioner's decision and referred the claim to the Attorney General for further investigation.

On January 10, 1985, the single commissioner issued an opinion and order which denied the applicant's claim for an award of reparations. The denial was based upon the finding that the application for reparations was not filed within one year after the occurrence of the criminally injurious conduct.

On January 31, 1985, the applicant timely filed an objection and notice of appeal from the January 10, 1985 determination. The applicant's objection was heard before the three-commissioner panel on May 23, 1985, at which time the applicant appeared, but was not represented by counsel.

The three-commissioner panel found the applicant's objection should be sustained, and for the reasons which follow, I find the three-commissioner decision to be reasonable and lawful and therefore affirm it.

On September 19, 1984, the applicant, M. Inez Shultz, filed an application for reparations for expenses incurred due to the death of her aunt, Izetta V. Irwin. The incident occurred on July 16, 1983. The single commissioner found that this claim did not comply with R.C. 2743.56(C), since the application was not timely filed.

R.C. 2743.56(C) stated at the time relevant herein:

"All applications for an award of reparations shall be filed within one year after the occurrence of the criminally injurious conduct that is the basis of the application."

The single commissioner also denied the claim pursuant to R.C. 2743.60(A) because the applicant's filing was approximately fourteen months after the incident. R.C. 2743.60(A), in pertinent part, stated:

"Neither a single commissioner nor a panel of court of claims commissioners shall make an award of reparations to any claimant who did not file for an award of reparations within one year after the date of the occurrence of the criminally injurious conduct that caused the injury or death for which he is seeking an award of reparations. * * *"

The three-commissioner panel reversed the single commissioner's decision and referred the claim to the Attorney General's office for further investigation. The panel articulated that a case-by-case analysis is required in order to avoid an injustice imposed by a rigid approach to the statute of limitations.

The record indicates that on November 9, 1984, a letter was sent to the Court of Claims by the assistant prosecuting attorney of Washington County, Nancy R. Edwards, which states as follows:

"On July 16, 1983, the decedent was robbed, beaten, killed, and left to burn in her own trailer. Don Eifler, of the State Fire Marshal's office, investigated the fire and reported certain suspicious circumstances to the Washington County Sheriff's office. Coroner Kenneth Owen was called to the scene and listed the cause of death as '100% third degree burns * * * charring.' Dr. Owen did *not* perform an autopsy of the body and the body was shipped to Kansas for burial.

"The body was exhumed and an autopsy performed on May 14, 1984. As a result of the continuing investigation and autopsy findings the case was finally presented to the grand jury on June 12, 1984, almost a full year after the murder. The defendant's brother was recently indicted on November 5, 1984, as a result of a plea agreement."

The decedent's death certificate was amended on June 18, 1984, by the county coroner, signifying the cause of death was probable homicide, and not accidental. Therefore, approximately eleven months had passed before the applicant realized criminally injurious conduct had occurred.

The single commissioner found that the applicant had sufficient time in which to file her claim, stating:

"A review of the documentary evidence submitted by the applicant reveals it was known prior to the one year anniversary of the decedent's death that her death was the result of criminal conduct. The applicant had time, albeit short, to file a reparations applications [*sic*] within the one-year time period required by R.C. 2743.56 (C) and R.C. 2743.60(A)."

Starting the one-year period on the date of the incident, before it was determined that criminally injurious conduct existed, only allowed approximately thirty days for the applicant to file the reparations application. The applicant in effect was penalized by the failure of the law enforcement agency to properly investigate. Furthermore, it is unreasonable to allow the applicant only this limited amount of time to file the reparations application, while all other applicants have a full year to file.

In the three-commissioner panel's opinion it was stated that the applicant knew the crime existed prior to the termination of the limitations period; however, her time to file was very limited. Furthermore, as the panel stated in *In re Doble* (Aug. 23, 1985), Court of Claims No. V84-42058 tc, unreported, "the discovery rule should be

considered in all applicable claims when scrutinizing the statute of limitations issue and not merely applied to the situation presented in *Doble, i.e.,* discovery of crime subsequent to running of one year limitation period." The panel adopted the discovery rule articulated by the Ohio Supreme Court in the case of *Oliver* v. *Kaiser Community Health Found.* (1983), 5 Ohio St. 3d 111, 5 OBR 247, 449 N.E. 2d 438.

On February 24, 1986, Judge William F. Brown overruled the panel of three commissioners' decision, in *In re Doble,* Court of Claims No. V84-42058 jud, unreported, holding that "while *Oliver* was good law as applied to the facts and statute at issue in that case, its applicability to claims for reparations is inappropriate when that case and other case law under R.C. 2305.11(A) is closely and carefully read. The instant case is clearly distinguishable."

I am in agreement with Judge Brown's decision in *In re Doble, supra,* in that the discovery rule is not directly applicable to claims for reparations. However, equitable logic should be utilized by this court when considering victims of crime applications. The applicant should not be penalized by the failure of the law enforcement agency to properly investigate because this would lead to an unconscionable result.

Furthermore, the applicant should not be expected to file a reparations application before it is determined that criminally injurious conduct existed. This would result in speculative filing and cause the court to process numerous frivolous applications.

The court must use a case-by-case analysis to remedy situations that occur which will lead to unconscionable results.

Effective March 11, 1987, the Victims of Crime Act was amended to allow reparations applications filed on behalf of minors to be filed one year from the date a complaint, indictment, or information is filed against the alleged offender.

R.C. 2743.56(C) states as amended:

"All applications for an award of reparations shall be filed as follows:

"(1) *If the victim of the criminally injurious conduct was a minor, within one year from the date a complaint, indictment, or information is filed against the alleged offender.* This division does not require that a complaint, indictment, or information be filed against an alleged offender in order for an application for an award of reparations to be filed pertaining to a victim who was a minor, and does not affect the provisions of section 2743.64 of the Revised Code. This division applies to all applications for an award of reparations filed on or after the effective date of this amendment and to any application for an award of reparations filed before the effective date of this amendment for which an award or denial of the claim is not final within the meaning of division (B) of section 2743.61 of the Revised Code." (Emphasis added.)

The legislature intended to rectify the unconscionable result that was created by the strict application of the one-year statute of limitations to claims involving minors. Consistent with the intent of the legislature, but limited to the unique facts in the present case, the date of the criminally injurious conduct should be the date the death certificate was amended to reflect other than "accidental conduct."

There are elements that must be met before there can be a determination that criminally injurious conduct exists pursuant to R.C. 2743.51(C), which stated:

" 'Criminally injurious conduct' means conduct that occurs or is attempted in this state; poses a substantial threat of personal injury or death; and is punishable by fine, imprisonment, or death, or would be so punishable but for the fact that the person

engaging in the conduct lacked capacity to commit the crime under the laws of this state. Criminally injurious conduct does not include conduct arising out of the ownership, maintenance, or use of a motor vehicle, except when the person engaging in the conduct intended to cause personal injury or death or when the person engaging in the conduct was using the vehicle to flee immediately after committing a felony or an act that would constitute a felony but for the fact that the person engaging in the conduct lacked the capacity to commit the felony under the laws of this state."

In the present case, the law enforcement agency did not determine that the conduct of the offender was punishable by fine, imprisonment or death until June 18, 1984. That is, the nature of the conduct as criminal, instead of accidental, was not ascertained until eleven months after the conduct occurred.

Using equitable logic, this court is of the opinion that, since all the elements that were necessary for a determination that criminally injurious conduct existed were not met until June 18, 1984, the one-year statute of limitations should be tolled until that date, when all the elements were met. The reparations application was filed on September 19, 1984. The determination that criminally injurious conduct existed was made on June 18, 1984. This is clearly within the one-year statutory period.

With due deference to Judge Brown's well-reasoned opinion in *In re Doble, supra,* I believe the court should be guided by R.C. 2743.61(A) in the appeal of this claim.

R.C. 2743.61(A) provides, in relevant portion:

"If * * * the court decides that the decision of the commissioners appealed from is reasonable and lawful, it shall affirm the same * * *."

I cannot find the panel of commissioners' decision in this claim is either unreasonable or unlawful. I believe, and find, the rule of *In re Doble, supra,* is not compromised by application of equitable principles to claims where to do otherwise would work a patently unfair result, one which is fundamentally contrary to the clear statutory goals of the victims of crime program.

Such a result would obtain in this claim under the harsh reasoning of the single commissioner. I therefore affirm the panel of commissioners' order, not upon the basis that it applies the overturned "discovery rule" of *In re Doble* (1985) to this claim, but because to do otherwise would lead to an unconscionable result under the peculiar facts of this claim.

*Order affirmed.*